Per Curiam.

Section 6064-3, General Code, relating to the powers of the Board of Liquor Control, provides in part:
‘ ‘ The Board of Liquor Control shall have power except as otherwise provided in this section:
“1. To adopt and promulgate, repeal, rescind and amend, in the manner herein required, rules, regulations, standards, requirements, and orders necessary to carry out the provisions of the Liquor Control Act and amendments thereof, including the following:
( ( * # #
‘ ‘ (h) Rules, regulations, and orders limiting the number of permits of any class within the state or within any political subdivision of the state; and for such purpose adopting reasonable classifications of persons or establishments to which any class of permits authorized to be issued pursuant to the Liquor Control Act and amendments thereof may be issued within any such political subdivision. * * *”
*514 Regulation 64 was promulgated pursuant to the foregoing statutory authority.
Section 1 of this regulation reads in part as follows:
“The number of D-3, D-3a, D-4 and D-5 permits which may be issued within the state of Ohio and within each political subdivision thereof is hereby limited to a figure which shall be equal to the number of permits of each above designated class respectively issued and outstanding in the state of Ohio and in each political subdivision thereof as of April 11, 1949, and during the effective period of this regulation no application for such permits shall be accepted by the department for filing.”
The lower courts held invalid the prohibition against accepting applications during the effective period of the regulation. This view is similar to that announced by this court in the recent per curiam opinion in the cases of State, ex rel. Mandalla, v. Bryant, Dir., State, ex rel. King, v. Bryant, Dir., and State, ex rel. Eckler, v. Bryant, Dir., 156 Ohio St., 396, in which it was said:
‘ ‘ The only issue before the court is the authority of respondents to refuse to accept and process relators’ applications, as required by Section 6064-16, General Code, a part of the Liquor Control Act, which provides that ‘applications for regular permits authorized by this act may be filed with the Department of Liquor Control at any time after this act becomes effective,’ but that ‘no permit shall be issued by the department’ where certain conditions exist. (Italics supplied.)
“That section gives to the relators, without qualification, the right to file with the liquor department applications for permits, regardless of the qualifications of the applicants, the number of issued and outstanding permits or the maximum number authorized to be issued.”
The court adheres to that view. Applications may *515 "be filed and processed at any time, but tbe granting of them is a matter for the judgment and control of the department.
Another provision of section 1 of regulation 64 reads as follows:
“No new D-3, D-3a, D-4 and D-5 permits shall be issued except permits issued pursuant to the provisions of regulation 14, and except, also, new permits issued upon the expiration of any existing permits to the same permit holder for the same location.”
Regulation 14, mentioned herein, relates to the renewal and to the transfer of a permit from one place to another or from one person to another by consent of the department.
The lower courts held the foregoing provision of regulation 64 invalid on the theory that it seems to recognize a property right in such permits and also places control of the issuance of further permits in present holders rather than in the Department of Liquor Control.
This court does not so view this regulation. A permit is issued as a mere privilege and not as a matter of right, and its issuance is in control of the department. Likewise, the transfer of an existing permit from one place to another or from one person to another requires the approval of the department and is not dependent alone on the willingness or desire of the holder of the permit.
The lower courts were in error in holding this provision of regulation 64 invalid.
Section 3 of the regulation provides:
“This regulation shall not be construed so as to increase the number of permits of the above designated classes permissible under Section 6064-17 of the General Code of Ohio and regulation No. 10.”
The loAver courts held this provision valid. There *516 has been no appeal from that holding, and hence the method or the authority of the department to limit the number of permits within the statutory maximum is not here questioned. Nor has there been an appeal as to the first part of section 1 of regulation 64 limiting the number of permits to the figure in existence on April 11, 1949. This provision, too, was held valid by the lower courts and hence stands unchallenged.
The judgments of the Court of Appeals in the two cases are reversed in part and affirmed in part.

Judgments accordingly.

Weygandt, C. J., Zimmerman, Stewart, Middleton, Taft, Matthias and Hart, JJ., concur.